```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
XUEFENG DAI,

                    Plaintiff,                    ORDER
                                                  19-CV-6140(JS)(GRB)
        - against -

ALIBABA CLOUD US LLC, ALIBABA GROUP
HOLDING LIMITED, ALIBABA GROUP (U.S.)
INC., JACK YUN MA, in his personal
and professional capacities, XIAONING
QI, in his personal and professional
capacities, SOUTH CHINA MORNING POST
PUBLISHERS LTD., JUN MAI, in his
personal and professional capacities,
SIDNEY LENG, in his personal and
Professional capacities, YU XIE, in her
personal and professional capacities,
YICAI MEDIA GROUP, ZOE JIANG, in her
personal and professional capacities,
MU QING, in her personal and
professional capacities, WEN FENG, in
his personal and professional capacities,
YICAI GLOBAL, XU WEI, in his personal and
professional capacities, CHINA FINANCIAL
HERALD, HUANG TING, in her personal and
professional capacities, SNOWBALL
(BEIJING) TECHNOLOGY DEVELOPMENT CO.,
LTD., TENCENT HOLDINGS LIMITED, PONY
HUATENG MA, in his personal and
professional capacities, CHAO LI, in his
personal and professional capacities,
UNIDENTIFIED TENCENT REPORTER, in her
personal and professional capacities,
UNIDENTIFIED TENCENT EMPLOYEE, in her
personal and professional capacities,
TENCENT AMERICA LLC, SHENZHEN TENCENT
COMPUTER SYSTEMS CO., LTD., BAIDU, INC.,
ROBIN YANHONG LI, in his personal and
professional capacities, BAIDU USA LLC,
BEIJING BAIDU NETCOM SCIENCE TECHNOLOGY
CO., LTD., CHINA FINANCE ONLINE CO., LTD.,
ZHIWEI ZHAO, in his personal and
professional capacities, ZHENJIANG ZHANG,
in his personal and professional capacities,
```

YANYAN GUO, in her personal and
professional capacities, BOIES
SCHILLER FLEXNER LLP, DAVID BOIES, in
his personal and professional
capacities, JONATHAN D. SCHILLER, in his
personal and professional capacities,
JOSEPH F. KROETSCH, in his personal and
professional capacities, THOMAS S.
D'ANTONIO, in his personal and professional
capacities, MICHAEL C. TU, in his personal
and professional capacities, PINGTOUGE
(SHANGHAI) SEMICONDUCTOR TECHNOLOGY CO.,
LTD., and LU KANG, in her personal and
professional capacities,

                        Defendants.
----------------------------------------X
Appearances:
For Plaintiff:       Xuefeng Dai, Pro Se
                     One Work Trade Center
                     Suite 83K
                     New York, New York 10007

For Defendants:      No appearances

SEYBERT, District Judge:

        On October 31, 2019, pro se plaintiff Xuefeng Dai ("Plaintiff") filed a 208 page Complaint comprised of 722 numbered paragraphs against forty (40) defendants alleging fantastic claims relating to "military spy personnel" being used "to carry out acts of espionage throughout New York and the United States with the effort to improve China's advanced weapon technology and to acquire U.S. military intelligence." (Compl. ¶ 1.) Although Plaintiff paid the $400 filing fee, he has not filed Summonses and none have been issued by the Court. For the reasons that follow, the Complaint is SUA SPONTE DISMISSED.

## BACKGROUND[1]

Plaintiff's labyrinthian Complaint, comprised of 208 pages and 722 numbered paragraphs, is difficult to comprehend. It appears that Plaintiff believes that, because of his submission of a "Civilian Crime Report to the Federal Bureau of Investigation ("FBI") and [the] United States Attorney's Office of the Southern District of New York" . . ., "the Chinese military [has] implemented a series of strategically planned fatal attacks" against him. (Compl. ¶ 1.) According to the Complaint, some of the forty Defendants are "secret members of the Chinese military . . . obligated by the National Intelligence Law" who "collectively conspired, offered active assistance and participated in the Chinese military's scheme to implement the plan of 'Cause the Death of DAI' throughout New York and the U.S.'" (Compl. ¶¶ 5, 16.) Plaintiff complains that several of the Defendants, acting "at the direction of Chinese military . . . fabricated and facilitated promulgation of hundreds items of fake news depicting DAI as a thief, liar, a con-man, and a fugitive who had absconded with vast sums of money." (Compl. ¶ 7.)

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

According to the Complaint, "[w]ith concern that DAI and DAI's family would suffer retaliation from the Chinese government and its military, in order to cut off the Chinese lineage of DAI's family in the future, DAI decided to work with anonymous egg donors and surrogates to give birth to offspring with non-Chinese genetical background" but was rejected by a surrogacy agency due to the "open allegations of mismanagement of funds by your former company in China." (Compl. ¶ 355.)

As a result of the Defendants alleged actions, "in October 2018 DAI was diagnosed with Major Depressive Disorder, and in May 2019, it was further detected by doctors at NYU Langone Medical Center that DAI suffered from certain cardia deficits which exposed him to risk of sudden death." (Compl. ¶ 10.) Plaintiff was also diagnosed with "Essential Hypertension" and was prescribed medication to control his blood pressure and blood cholesterol. (Compl. ¶ 380.) In addition, on August 30, 2019, Plaintiff "prepared a last will and reports this case to U.S. Attorney's Office for the SDNY. In his last will and testament, DAI stated that he would not commit suicide, and if it was determined that he died accidentally, he must have been murdered by all Defendants." (Compl. ¶ 393.)

4

DISCUSSION

I. <u>Plaintiff's Complaint</u>

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678; <u>accord</u> <u>Wilson v. Merrill Lynch & Co.</u>, 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1965).

Further, a district court has the inherent power to

dismiss a case, sua sponte, if it determines that the action is frivolous. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory'' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Here, as is readily apparent, the Complaint is nothing more than Plaintiff's delusions and does not set forth any cognizable claim. The allegations in Plaintiff's Complaint, even read liberally, and even if Plaintiff subjectively believes them to be true, are frivolous. Hawkins-El III v. AIG Fed. Sav. Bank, 334 F. App'x 394, 395 (2d Cir. 2009) (affirming district court's sua sponte dismissal of fee paid frivolous complaint). Given that Plaintiff has filed a frivolous Complaint, it is sua sponte

DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is SUA SPONTE DISMISSED WITH PREJUDICE. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

The Clerk of the Court is directed to CLOSE this case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  9 , 2020
       Central Islip, New York

7